### TOM WHITE v. STATE.

No. A-4585.    Opinion Filed Dec. 10, 1924.
(230 Pac. 943.)

(Syllabus.)

**Intoxicating Liquors—Evidence not Sustaining Conviction for Unlawful Manufacture.** In a prosecution for manufacturing intoxicating liquor, evidence held insufficient to sustain a verdict and judgment of conviction.

Appeal from County Court, Adair County; W. M. Martin, Judge.

Tom White was convicted of unlawfully manufacturing intoxicating liquor, and he appeals. Reversed.

Arnold & Woodruff, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges:

"That on or about the 1st day of September, 1922, in Adair county, Okla., the defendants, Tom White, Watt White, Sunday White, Ned Adair, Hummingbird Adair, William Adair, Alex Squirrel, Henry Leach, Grant Feather and Charley Owl, did then and there unlawfully and conjointly, make and manufacture spirituous, vinous, fermented and malt liquor, to wit, about eight gallons of Choctaw beer, a liquid containing as much as one-half of one per centum of alcohol, measured by volume and capable of being used as a beverage, contrary to," etc.

It appears that the defendants Grant Feather and Sunday White upon arraignment pleaded guilty. Afterward the defendant Watt White pleaded guilty.

A trial resulted in a conviction of appellant, and in pursuance of the verdict he was sentenced to be confined 30 days in the county jail and to pay a fine of $50. To reverse the judgment he appeals.

Of the various assignments of error it is only necessary to consider the one, that the verdict is not sustained by sufficient evidence.

The record shows that the defendants Grant Feather and Sunday White upon arraignment pleaded guilty; afterwards the defendant Watt White pleaded guilty. That at the close of the state's evidence, on the motion of the county attorney, the court directed a verdict of acquittal for the defendants Alex Squirrel, Henry Leach, and Charley Owl. The evidence

shows that four officers found the defendants and others about a mile from the home of the defendant Tom White. Some of them were drinking what the officers called Choctaw beer. Appellant was lying in a drunken sleep.

Charley Fourkiller testified:

"I was constable of Wauhillau township. I saw the defendants half a mile north of Isaac Batt's place. William Johnson, Roach Young, and Jack Wolf, and I were on the bluff and these men were under the bluff. There was a fire there, and they had a kettle or boiler on this fire when we got down to this place. Tom White was something like 20 steps from the fire down drunk. All of us sampled this stuff, and it was Choctaw beer. It was about 9:30 at night."

The defendant Grant Feather testified as a witness for the state as follows:

"Q. Do you know anything about that? A. Well, just me, Tom White, Sunday White, and Watt White was all that knew anything about making of it.

"Q. Who made it? A. Me and Sunday White and Watt White, just us three made it.

"Q. Where did you make it? A. About a mile this side of Tom's at a spring."

At the close of the state's evidence, there was a motion by the defendant Tom White for a directed verdict of acquittal on the ground that the evidence was insufficient to sustain a verdict of guilty, and because there was no evidence except that of Grant Feather, an accomplice, tending to connect this defendant with the offense, and this witness testified that no one had anything to do with the making of the liquor in question other than drinking some of it, besides himself, Sunday White, and Watt White; which motion was overruled.

There is no direct evidence to connect this defendant with the making of the liquor in question, and when a conviction is sought on circumstantial evidence alone, the circumstances proved must not only be consistent with each other and with the hypothesis of the defendant's guilt, but inconsistent with any rational hypothesis other than his guilt. A conviction may not be founded upon mere conjecture or upon probabilities, however strong.

In our opinion the court erred in denying this defendant's motion for a directed verdict of acquittal.

Because the evidence is insufficient to sustain the verdict the judgment is reversed.

MATSON, P. J., and BESSEY, J., concur.